[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff, State Department of Veteran's Affairs, alleges that it is owed $107,359.90 for benefits received by decedent Armond Poirier, that it received $5,410.61 from decedent's estate and that it seeks to recover under General Statutes § 36a-292, one half of the joint bank account containing approximately $34,639.38 from the defendant, the survivor of the joint account with decedent.
Defendant has filed a special defense that "Plaintiff failed to present its claim within the time limited in § 45a-355 and hence is forever barred from asserting or recovering on such claim pursuant to § 36a-292."
Plaintiff has moved to strike this special defense as insufficient at law.
Under § 36a-292, an agency of the state has direct recourse to the survivor of a joint bank account with the deceased beneficiary for up to one half of the balance, if the deceased account owner "has left no other estate of sufficient value for the payment of claims." However, the presentation of claims within the ninety-day period from the date of notice as provided in General Statutes § 45a-355 is inapplicable to a survivor of a joint account with a decedent since such a joint account is not part of the estate and failure to present a claim would, under that statute, only bar recovery from "the fiduciary, the estate of the decedent, or any creditor or beneficiary of the estate."
Even if § 36a-292 required the plaintiff, before proceeding against the survivor of the joint bank account, "to pursue all remedies" against the estate, the special defense does not allege that plaintiff failed to pursue such remedies or that there were assets in the estate which could have been reached or that Plaintiff's debt would have been satisfied in whole, or in greater part than the $5,410.61 received, had such remedies been pursued.
The special defense is insufficient at law because even if proven it would not demonstrate that Plaintiff had no cause of action. Practice Book § 164.
The Motion to Strike Special Defense is granted.
Jerry Wagner Judge Trial Referee CT Page 15236